```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF INDIANA
              HAMMOND DIVISION
```

```
UNITED STATES OF AMERICA,      )
                               )
Plaintiff/Respondent,          )
                               )
vs.                            )    NO. 2:09-cr-43
                               )
HANEEF JACKSON-BEY,            )
                               )
Defendant/Petitioner.          )
```

## OPINION AND ORDER

This matter is before the Court on the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," filed by Petitioner, Haneef Jackson-Bey, on September 27, 2013 (DE #485). For the reasons set forth below, the motion is **DISMISSED** for lack of jurisdiction.

BACKGROUND

On August 23, 2011, Jackson-Bey, pro se, filed a Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. (DE #402.) This Court entered an order on January 23, 2012, denying the section 2255 petition. (DE #409.) Jackson-Bey then filed a motion to reconsider. (DE #421.) The Court also denied the motion to reconsider. (DE #422.)

DISCUSSION

Following a direct appeal, a defendant generally has one opportunity to challenge his conviction and sentence. *Suggs v. United States*, 705 F.3d 279, 281-82 (7th Cir. 2013); 28 U.S.C. § 2255(a), (h). Should a defendant wish to file a second or successive section 2255 motion challenging that same conviction or sentence, he must first gain authorization to do so from the court of appeals; otherwise, the district court does not have jurisdiction to consider the motion. *Suggs*, 705 F.3d at 282; 28 U.S.C. §§ 2244(a)-(b), 2255(h). In general, only those successive motions which challenge the underlying conviction and present newly discovered evidence of defendant's innocence or rely on a new retroactive constitutional law will be certified by the court of appeals for district court review. *Suggs*, 705 F.3d at 282-83; 28 U.S.C. § 2255(h). "No matter how powerful a petitioner's showing, only [the Seventh Circuit] may authorize the commencement of a second or successive petition." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). As the *Nunez* Court explained:

> From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing. . . . A second or successive collateral attack may no more begin in the district court than a criminal prosecution may commence in the court of appeals.

*Nunez*, 96 F.3d at 991 (emphasis in original).

Because Jackson-Bey has already filed a section 2255 motion with this Court, his current section 2255 motion is considered a successive collateral attack on his sentence. He has not obtained permission from the Seventh Circuit Court of Appeals to file this successive section 2255 motion, and, therefore, it is **DISMISSED** for lack of jurisdiction.


**DATED: October 15, 2013**     /s/ RUDY LOZANO, Judge
**United States District Court**