**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | NO. 2:09-cr-43 |
| ) | 2:13-cv-454 |
| JOVAN DEMONT STEWART, ) | |
| ) | |
| Defendant/Petitioner. ) | |

## **OPINION AND ORDER**

This matter is before the Court on the: (1) "Motion for Extension of Time to Submit Brief and Memorandum in Support of Movant's Title 28 USC § 2255 Motion," filed by Movant, Jovan D. Stewart, on December 9, 2013 (DE #500); (2) "Motion for Access to Sealed Documents To Be Utilized As Preponderance of the Evidence in Movant's 28:2255 Proceeding," filed by Movant, Jovan D. Stewart, on December 9, 2013 (DE #501); (3) "Motion for Access to Sealed Documents to be Utilized as a Preponderance of the Evidence in Movant's 28:2255 Proceeding," also filed by Movant, Jovan D. Stewart, on December 9, 2013 (DE #502); (4) Motion for Extension of Time to File Brief and Memorandum in Support of Title 28 USC § 2255 Motion, filed by Movant, Jovan D. Stewart, on January 13, 2014 (DE #510); and (5) Motion for Status, filed by Movant, Jovan D. Stewart, on January 13, 2014 (DE #511). Upon due consideration, the Motion for Extension of Time to Submit Brief and Memorandum in

Support of Movant's Title 28 USC § 2255 Motion (DE #500) is **GRANTED** and Stewart shall have up to and including **February 14, 2014** to file his memorandum in support of his Section 2255 Petition. The Motions for Access to Sealed Documents (DE ##501 and 502) are **DENIED**, **with the exception that the Clerk is ORDERED to include a copy of the Complaint dated February 4, 2009 (DE #1), and mail it to Stewart with this Order.** Additionally, the second Motion for Extension of Time, which is duplicative (DE #510), is **DENIED AS MOOT**, and because the Court has ruled upon these motions, the Motion for Status (DE #511) is also **DENIED AS MOOT**.

DISCUSSION

Motion For Extension of Time to File Section Memorandum

Under section 2255, Stewart had one year from the date on which "the judgment of conviction [became] final" in which to bring a post conviction motion. 28 U.S.C. § 2255(f)(1). The Supreme Court denied Stewart's petition for a writ of certiorari on December 10, 2012. *See Jovan Stewart v. United States*, Appeal No. 12-7178, 133 S. Ct. 807 (Mem.) (Dec. 10, 2012). Thus, Stewart had until December 10, 2013, to file his section 2255. Stewart filed his Section 2255 motion on December 9, 2013 (DE #499)[1], and he filed the instant motion as well in which he argues he needs

---

[1] The Government agrees that Stewart's Section 2255 Petition was timely filed. (DE #508, p. 2.)

2

additional time to file a memorandum of law in support of the grounds set forth in his Section 2255 Petition.

Stewart argues he needs additional time to "direct this court and the USA to specific portions of the record" and he needs additional time to support his ten grounds of relief as he has somewhat limited access to the law library. (DE #500.) Stewart also cites his need for additional documents in his related motion. The Government argues Stewart should not be afforded the protection provided by 28 U.S.C. § 2255(f)(2), as no governmental action violated the Constitution or laws of the United States preventing him from timely filing his Section 2255 Petition. (DE #508, p. 3.) While the Government may technically be correct, because Stewart timely filed his 2255 Motion, and filed his request for an extension of time to file his memorandum on the same day, and because the same leniency was shown by this Court to his co-defendant, Justin Cephus, in allowing him additional time to file his supporting memorandum, in the best interests of justice and fairness, this Court will grant the 30-day extension of time for Stewart to prepare his memorandum of law in support of his motion. Once the Court receives Stewart's memorandum of law, it will set a briefing schedule for the Government to respond to the Section 2255 motion and supplemental memorandum.

<u>Motion for Access to Sealed Documents</u>

Stewart requests the Complaint at 2/4/09 (DE #1), which has

3

been unsealed. The Government has no objection, and the Clerk is **ORDERED** to attach a copy of DE #1 to this Order and mail it to Stewart.

Stewart also requests the affidavit and supporting exhibits of complaint, 3/11/2009 (DE #12), however, his reference to that date and docket entry is mistaken as DE #12 is not an affidavit or supporting exhibit to the criminal complaint against him, thus this request is denied. (DE #502, p. 3.)

Stewart also requests copies of grand jury transcripts (DE #502, pp. 11-14) and the Government opposes this request. This Court already denied a similar request (*see* Order at DE #453), thoroughly explaining Defendant's conviction at trial moots any attack he is now making on the sufficiency of the evidence presented to the grand jury, and this Court stands by its previous ruling. Moreover, "[t]o obtain grand jury material, despite the presumptive secrecy imposed by Rule 6(e), a litigant must show that the information is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that the request is structured to cover only material so needed." *Choiniere v. United States*, Nos. 3:07-CV-27 RM, 3:05-CR-56, 2009 WL 112585, at *14 (N.D. Ind. Jan. 14, 2009) (quotation omitted). Stewart has not made that showing here.

Stewart requests numerous other discovery documents in a vague

fashion, requesting "any and all" reports, interviews, complaints, documents, FBI investigation materials, and information in various categories, including relating to the purported victims. (DE #502, pp. 3-5.) The Government objects, stating it complied with its discovery obligations in the case and thus the relevant documents were turned over to Defendant's counsel prior to trial, Stewart has not shown he has exhausted other ways to get the documents, and he has not shown they are necessary to prepare a specific non-frivolous action. Stewart concedes that his trial and appellate counsel did give him documents they believed were relevant to his case (including providing Stewart with ten volumes of transcripts), and which they thought would help him in this proceeding. (DE #502, pp. 6-7.) Nevertheless, he seeks more documents. Stewart has made similar requests before in these proceedings, the only difference now is that his Section 2255 motion is now pending.

Stewart's request is essentially a request for discovery in his Section 2255 proceeding.[2] When a Petitioner provides reasons for discovery requests, the district court has discretion to grant discovery upon a showing of "good cause." Rules Governing Section 2255 Proceedings, 6(a). Good cause exists where "specific allegations before the court show reason to believe that the

---

[2] Although Stewart cites *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977), in support of this request, that case involves access to pre-existing court records, including trial transcripts.

petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Choiniere*, 2009 WL 112585, at *14 (quoting *United States v. Hull*, No. 2:02-CV-2, 2006 WL 752481, at *8 (N.D. Ind. Mar. 21, 2006)). Stewart has not asserted specific facts or allegations to convince the Court that he could, if he obtained these additional documents, demonstrate his entitlement to relief. Stewart merely claims the newly requested information "will serve to support [his § 2255 Petition] as to his requirement to submit the preponderance of the evidence therein, and complete/support the preparations of his Brief and Memorandum in support ...." (DE #502, p. 5.) This vague request for volumes of documents is simply insufficient to constitute good cause. Nowhere does Stewart articulate which of his 10 claims will be supported by the documents, or how it will support any of his claims, or how they will show he is entitled to relief under Section 2255. It seems Stewart is merely on a fishing expedition, and this is not sufficient. *United States v. Curtner*, No. 06-CR-20003, 2008 WL 905923, at *1 (C.D. Ill. Apr. 3, 2008) (noting a defendant isn't entitled to conduct a fishing expedition with the hope of finding something).

Finally, Stewart seeks motion in limine transcripts and sentencing transcripts, and he does articulate which counts these will support in his section 2255 Motion. (DE #502, pp. 9-10.) He argues these documents will show his counsel failed to confront his

6

accusers or impeach them, and that the Court erred in excluding past history of the purported victims which shows their propensity to recommit crimes. Before providing copies free of charge, the requestor must show he is unable to pay for copies, he has exhausted *all* other means of access to his files, and make a showing as to the purpose for which the requested documents are sought. *United States v. Wilkinson*, 618 F.2d 1215, 1218-19 n.4 (7th Cir. 1980) (recognizing that "[o]nce a § 2255 motion is filed, 28 U.S.C. § 253(f) provides the funds for a transcript if 'the suit or appeal is . . . not frivolous and . . . the transcript is needed to decide the issue presented by the suit'"). Stewart claims his trial and appellate counsel did not provide him with these transcripts. (DE #502, p. 10.) However, the sentencing transcript has no relevancy to these arguments (which go toward his trial counsel's performance at trial), and Stewart has not specifically shown how it is needed to demonstrate his counsel was ineffective or otherwise entitle him to relief under Section 2255. Regarding the motions in limine, Stewart's argument that "the majority of the 'victims' had prior 'pimping', 'prostitution' and 'drug' offenses - even as juveniles - before they came into contact with Stewart," also does not show how he is entitled to relief under Section 2555, and the Court does not believe the transcript is needed to decide the issues presented in his Section 2255 Petition. *See Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (to proceed on a

habeas corpus petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack).

CONCLUSION

For the reasons set forth above, the Motion for Extension of Time to Submit Brief and Memorandum in Support of Movant's Title 28 USC § 2255 Motion (DE #500) is **GRANTED** and Stewart shall have up to and including **February 14, 2014** to file his memorandum in support of his Section 2255 Petition. The Motions for Access to Sealed Documents (DE ##501 and 502) are **DENIED**, **with the exception that the Clerk is ORDERED to include a copy of the Complaint dated February 4, 2009 (DE #1), and mail it to Stewart with this Order.** Additionally, the second Motion for Extension of Time, which is duplicative (DE #510), is **DENIED AS MOOT**, and because the Court has ruled upon these motions, the Motion for Status (DE #511) is also **DENIED AS MOOT**.

**DATED: January 16, 2014**            /s/ RUDY LOZANO, Judge
                                        **United States District Court**